[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10282

_____

D.C. Docket No. 1:10-cv-00370-ODE

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2011
JOHN LEY
CLERK

T.M.,
by next friend and guardian S.M.,

Plaintiff - Appellant,

versus

GWINNETT COUNTY SCHOOL DISTRICT,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 22, 2011)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

T.M., by next friend and guardian S.M., appeals from the final judgment of the district court granting Gwinnett County School District's motion for judgment on the administrative record. The heart of T.M.'s claim is that the School District failed to provide him a "free appropriate public education," as required under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. In particular, T.M. objects, on both procedural and substantive grounds, to the Individualized Educational Program ("IEP") that the School District developed for him. The School District responds that the IEP developed for T.M. was procedurally adequate, was tailored to T.M.'s individualized needs, and offered T.M. a free appropriate public education.

After thorough review and oral argument, we affirm. We do so based on the district court's thorough and well-reasoned opinion of December 20, 2010. We can discern no error in the district court's conclusion that T.M. was provided a "free appropriate public education." T.M.'s IEP was neither procedurally nor substantively deficient under Board of Education v. Rowley, 458 U.S. 176 (1982).

We observe that in reaching the conclusion that T.M.'s IEP was "reasonably calculated to provide a meaningful educational benefit" under Rowley, the district court employed a four-factor test derived from the Fifth Circuit's decision in Cypress-Fairbanks Independent School District v. Michael F. ex rel Barry F., 118 F.3d 245

2

(5th Cir. 1997).  We need not decide today whether the <u>Cypress-Fairbanks</u> test is the only one to be employed in IEP inquiries.  It is enough to say that the same result would have been reached, whether by application of the <u>Cypress-Fairbanks</u> test or by direct application of the IDEA, the corresponding regulations, the Supreme Court's decision in <u>Rowley</u>, and the existing law of this Circuit.

**AFFIRMED**.